IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIEZER ROSA-CARINO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-2113 (PG)
(CRIMINAL 06-0253 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING PETITIONER'S MOTION, AS SUPPLEMENTED,
UNDER 28 U.S.C. § 2255

I

A.  PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner Eliezer Rosa Carino was indicted on August 10, 2006 in a five-count indictment. (Crim. No. 06-253, Docket No. 2). Seventeen other defendants were also indicted. Count One charged that, beginning in or about August 2005, and ending in or about November 2005, in the District of Puerto Rico, St. Thomas, United States Virgin Islands, St. Maarten, Netherlands Antilles, Tortola, British Virgin Islands, Colombia, the Dominican Republic, elsewhere, and within the jurisdiction of this court, petitioner and others knowingly and intentionally combined, conspired, confederated and agreed together and with each other and other persons known and unknown to the grand jury, to commit the following offense against the United States: to import into the customs territory of the United States from a place outside thereof, five (5) kilograms or more of cocaine,

CIVIL 11-2113 (PG)                                   2
(CRIMINAL 06-0253 (PG))

a Schedule II Narcotic Drug Controlled Substance. in violation of 21 U.S.C. § 952(a). All in violation of Title 21, United States Code Section 963. (Crim. No. 06-0253, Docket No. 2). Count Two charged petitioner and the others in that from in or about August 2005 up to and including November 2005, in the District of Puerto Rico, St. Thomas, United States Virgin Islands, St. Maarten, Netherlands Antilles, Tortola, British Virgin Islands, Colombia, the Dominican Republic, elsewhere, and within the jurisdiction of this court, in that the defendants knowingly and intentionally, combined, conspired, confederated and agreed together and with each other and others, to commit the following offense against the United States: to possess with intent to distribute five (5) kilogram or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). All in violation of Title 21, United States Code Section 846. Count Three charges the substantive aiding and abetting importation offense and Count Four charges the substantive aiding and abetting possession with intent to distribute offense. Count Five is a forfeiture allegation. Overt act three of the first count notes that petitioner and others coordinated and transported approximately 300 kilograms of cocaine from St. Thomas to Puerto Rico aboard a motor vessel. (Crim. No. 06-0253, Docket No. 2 at 7, ¶ 3).

CIVIL 11-2113 (PG)                           3
(CRIMINAL 06-0253 (PG))

Petitioner and other defendants were arrested on October 6, 2006. Plea offers were made to petitioner and the other defendants. Petitioner and another defendant proceeded to trial which began on September 4, 2007 and ended on September 14, 2007. (Crim. No. 06-253, Docket No. 267). Petitioner was found guilty. Petitioner was sentence on January 9, 2008 to 235 months imprisonment on each count, to be served concurrently with each other. (Crim. No. 06-0253, Docket No. 353). A notice of appeal was filed on January 19, 2008. (Crim. No. 06-0253, Docket No. 347).

### B. PROCEDURAL HISTORY: APPELLATE LEVEL

On August 12, 2010, the United States Court of Appeals for the First Circuit affirmed the conviction. United States v. Rosa-Carino, 615 F.3d 75 (1st Cir. 2010). Petitioner argued that his sentence was unreasonably harsh, that he was made responsible for 300 kilograms of cocaine improperly and that mitigating sentencing factors were unfairly balanced under 18 U.S.C. § 3553 (a). Petitioner argued issues related to his sentence and only peripherally, if at all, any issue related to the conviction. Because co-defendant Samuel Diaz-Dumenigo argued that there was insufficient evidence to convict him, the court addressed the sufficiency of the evidence in its opinion. The arguments as to petitioner were easily rejected. A petition for a writ of certiorari was denied on December 13, 2010. Rosa-Carino v. United States, 131 S. Ct. 842 (2010).

CIVIL 11-2113 (PG)                                    4
(CRIMINAL 06-0253 (PG))

II

COLLATERAL REVIEW

This matter is before the court on *pro se* petitioner's timely motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on November 15, 2011. (Docket No. 1.)  Petitioner argues that the court erred in sentencing him for aiding and abetting two conspiracies and that the government used a conspiracy to support an aiding and abetting conviction.  The court is charged with committing constitutional error when it charged the jury as to elements of 21 U.S.C. § 841 (a)(1), and also charged with erring in not allowing his theory of defense, which includes a confusion of names.  Defense counsel is charged with ineffective assistance for failing to investigate the case and interview important witnesses.  In the accompanying memorandum of law, petitioner basically retries the case to prove his innocence and explains that a conspiracy agreement has never been used as the substantive crime to support an aiding and abetting conviction.  (Docket No. 4 at 13).  He stresses error in the jury instructions which lowered the government's burden of proof as well as error in not allowing a theory of defense concerning identification.  He concludes arguing that his trial attorney did not satisfy the standard of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).  There is no complaint as to the actions of trial counsel in his role as appellate counsel.

CIVIL 11-2113 (PG)                                      5
(CRIMINAL 06-0253 (PG))

In the government's response dated October 4, 2010, it maintains that petitioner's claims are contradicted by the face of the charging document and that the arguments should have been raised on appeal and were not. Therefore, they are not cognizable in a collateral attack on the sentence such as this one. (Docket No. 9). The government retorts as to the arguably erroneous jury instructions that there was no plain error if any and that in any event, such errors should have been raised on appeal and were not. The government also disagrees with the argument that counsel failed to investigate the case and present certain witnesses. Such decisions as to witnesses are part of trial tactics and difficult to review, especially when there is overwhelming evidence of guilt. The government concludes that petitioner is not entitled to an evidentiary hearing based upon his poor showing of entitlement.

On September 21, 2012, petitioner filed a reply to the response, stressing that procedural default is excusable, that the jury instructions alluded to were erroneous as a matter of law, that counsel was defective in his investigation of the evidence of the wire interceptions, referring to four affidavits which reflect strong evidence of confusion in identity and which would have created a reasonable doubt. One of the affidavits is of a minister who attests that he has known petitioner for twenty years and has never known him by the nickname "Manso" or

CIVIL 11-2113 (PG)                                    6
(CRIMINAL 06-0253 (PG))

"Manzo". (Docket No. 3-2).  The other affidavits are of people who know petitioner well and have never known him by these nicknames.

Having considered the arguments of the parties and for the reasons set forth below, I disagree with petitioner's argument that trial counsel's performance fell below an objectively reasonable standard, or that petitioner is otherwise entitled to extraordinary relief in the form of federal habeas corpus.  Therefore I recommend that petitioner Eliezer Rosa-Carino's motion to vacate, set aside, or correct sentence, as well as the supplemental motion, be DENIED without an evidentiary hearing.

## III.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).   The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v.

CIVIL 11-2113 (PG)                                                    7
(CRIMINAL 06-0253 (PG))

McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989); United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)). Ruperto v. United States, 2013 WL 5797373 (D.P.R. Oct. 28, 2013) at *2. Petitioner is required to make a substantial threshold showing that he is entitled to such a hearing. Wade v. United States, 504 U.S. 181, 186, 112 S.Ct. 1840 (1992); United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992).

> [E]videntiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment.

CIVIL 11-2113 (PG)                                              8
(CRIMINAL 06-0253 (PG))

United States v. Isom, 85 F.3d 831, 838 (1st Cir. 1996) (quoting United States v. McGill, 11 F.3d at 225.

Collateral attack on non constitutional and non jurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. 468). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion. See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996). And because petitioner appears *pro se*, his pleadings are considered more liberally, however inartfully or opaquely pleaded, than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009) at *1. Notwithstanding such license, petitioner's *pro se* status does not excuse him from complying with both procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Lassalle-Velazquez v. United States, 948 F. Supp. 2d 188, 191 (D.P.R. 2013). While the pleadings are prepared by an obviously intelligent jailhouse lawyer, petitioner is attributed some consideration based upon his *pro se* status.

A. INEFFECTIVE ASSISTANCE OF COUNSEL

CIVIL 11-2113 (PG)                                         9
(CRIMINAL 06-0253 (PG))

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. The right to counsel is "the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441 (1970), citing, among others, Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 55-60 (1932). To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052.

The two part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052; see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d at 774. The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052). The defendant bears the burden of proof for both elements of the test. See Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994)).

"'[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.'"

CIVIL 11-2113 (PG)                                           10
(CRIMINAL 06-0253 (PG))

Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052); see United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012); United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d at 23 (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052).

   The second element of the Strickland test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. 2052).  There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Dugas v. Coplan, 428 F.3d 317, 334 (1st Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052); also see Missouri v. Frye, 566 U.S.___, 132 S. Ct. 1399, 1409 (2012).  "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.'" González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052 ); see Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012).

CIVIL 11-2113 (PG)                                              11
(CRIMINAL 06-0253 (PG))

## B. ISSUES

Petitioner's arguments for the most part read more like an appellate brief rather than a collateral attack based upon ineffective assistance of counsel. The arguments as to the arguably erroneous jury instructions and defective charging document should have been raised at the district court level and on appeal. Indeed, some issues were raised and rejected on appeal, such as the attribution of drug quantity and role of participation, both of which were considered by the sentencing court.

When a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot attempt to relitigate the claim in a section 2255 motion. Withrow v. Williams, 507 U.S. 680, 720-21, 113 S. Ct. 1745 (1993); Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002), cited in Mangual-Garcia v. United States, 2010 WL 339048 (D.P.R. Jan. 21, 2010) at *7; Argencourt v. United States, 78 F.3d at 16 n.1; Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994). The reasonableness of the sentencing was already raised by petitioner on appeal, including sentencing factors contained in 18 U.S.C. § 3553 (a), and decided against him. Furthermore, there is a formidable barrier before the court since "[i]n a collateral attack petitioner may not litigate . . .new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law." Garcia v. United States, 371 F. Supp. 2d 11, 20 (D.P.R. 2005), citing Davis

CIVIL 11-2113 (PG)                                   12
(CRIMINAL 06-0253 (PG))

v. United States, 417 U.S. 333, 342 , 94 S.Ct. 2298 (1974); see Fernandez-Malave v. United States, 502 F. Supp. 2d 234, 238 (D.P.R. 2007).  However, the inquiry does not stop here.  Petitioner has procedurally defaulted on these claims by not raising the same on direct appeal, notwithstanding his argument in the reply brief. Section 2255 motions have exhaustion requirements and previously appealing an issue raised collaterally is one of them. See Brown v. United States, 42 F. Supp. 2d 122, 127 (D.P.R. 1998).  Nevertheless, petitioner can counter the obstacle of procedural default if he can show cause and actual prejudice or that he is actually innocent.  Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690 (2003); Bousely v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998),  cited in Fernandez-Malave v. United States, 502 F. Supp. 2d at  238. "'Cause' must be measured against a stringent standard of diligence, and 'ordinarily requires a showing of some external impediment preventing counsel from constructing or raising a claim. Id. at 238-39, citing Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986); see Vega-Colon v. United States, 463 F. Supp. 2d 146, 153 (D.P.R. 2006);  Ruperto v. United States, 2013 WL 5797373 at *3.  Assuming petitioner may show cause, such as an instruction to his attorney to argue a meritorious point,  then he must also show prejudice, which he can show if there is a reasonable probability that the trial results would have been different if the

CIVIL 11-2113 (PG)                              13
(CRIMINAL 06-0253 (PG))

claimed errors in procedural default had not occurred. See Landrau-Lopez v. United States, 2010 WL 3894658 (D.P.R. Oct. 4, 2010) at *2.

Petitioner may also overcome procedural default by demonstrating his actual factual innocence. Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851 (1995), cited in Fernandez-Malave v. United States, 502 F. Supp. 2d at 239.  A petitioner can avoid the procedural bar by demonstrating that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." Schlup v. Delo, 513 U.S. at 327, 115 S. Ct. 851, cited in Parrilla-Tirado v. United States, 445 F.Supp 2d 199, 201 (D.P.R. 2006). Similarly, in Bousley v. United States, 523 U.S. at 623, 118 S.Ct. 1604, the Supreme Court explained that, '[t]o establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him'." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).  However, in this case, the evidence was strong and the proffered testimonies contained in the four affidavits do not present any portentous information that invites a finding of ineffective assistance.  The tactical decision not to present those identification witnesses does not reach a level of constitutional inquiry and is easily understood by a seasoned practitioner.

Assuming , and only assuming, that trial counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that

CIVIL 11-2113 (PG)                                    14
(CRIMINAL 06-0253 (PG))

representation resulted in prejudice to his case.  See <u>Owens v. United States</u>, 483 F.3d at 63 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 687-88, 104 S.Ct. 2052).  As stated above, there must be a reasonable probability that but for counsel's actions, the result of the proceedings would have been different.  See <u>Dugas v. Coplan</u>, 428 F.3d at 334 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 694, 104 S.Ct. 2052).  That has not been shown.

Under the plain error standard, the court may reverse a conviction only if (1) an error has occurred, (2) the error was clear and obvious, (3) it affected the defendant's substantial rights, and (4) it seriously impaired the fairness, integrity, or public reputation of the proceedings.  <u>United States v. Aviles-Colon</u>, 536 F.3d 1, 14 (1st Cir. 2008), citing <u>United States v. Perez-Ruiz</u>, 353 F.3d 1, 9 (1st Cir. 2003); <u>see</u> <u>United States v. Colon-Diaz</u>, 521 F.3d at 33.   But clearly, a review of this record does not support a finding that plain error was committed in relation to the evidence of guilt or the determination of the final sentence.

## C. SUPPLEMENTAL CLAIM

Plaintiff submitted a motion for leave to supplement his collateral attack on May 12, 2014 (Docket No. 15), incorporating a memorandum of law and relying on <u>Rosemond v. United States</u>, ___U.S.___, 134 S. Ct. 1240 (2014), decided March 5, 2014, in emphasizing the error committed at trial since he lacked knowledge of the amount of cocaine involved in the enterprise, nor did he have the specific intent to assist in a crime involving 300 kilograms of cocaine.  He stresses

CIVIL 11-2113 (PG)                                15
(CRIMINAL 06-0253 (PG))

the erroneous nature of the aiding and abetting instruction of the court which fell short of the requirements of <u>Rosemond</u>, 134 S. Ct. 1240, which resolved an 8-3 Circuit conflict over what it takes to aid and abet an 18 U.S.C. § 924 (c) offense. <u>Id</u>. at 1245.  The Court clarified that

> "'[a] defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense," <u>id</u>. at 1246 (alteration in original) (quoting <u>United States v. Sigalow</u>, 812 F.,2d 783, 785 (2d Cir. 1987)) (internal quotation marks omitted), so long as he also has "advance knowledge" of the other elements, <u>id</u>. at 1249.'"
>
> <u>United States v. Diaz-Castro</u>, ___F.3d___, 2014 WL 2142516 (1st Cir. 2014) at *10 n.4.

The holding of <u>Rosemond</u>, 134 S. Ct. 1240 is unavailing for two reasons. First, the case is limited in its scope to violations of 18 U.S.C. § 924 (c).  Indeed, the Court noted, "In any criminal case, after all, the fact finder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission. <u>Id</u> at 1250, n 9, cited in <u>United States v. Manso-Capita</u>, ___F. Supp. 2d ___, 2014 WL 2600222 (D.P.R. June 11, 2014) at *4.  Second, the decision is not a sweeping one and unlike in <u>Alleyne v. United States</u>, 570 U.S.___, 133 S.Ct. 2151 (2013), it did not set forth a new rule of constitutional law.  Like <u>Alleyne</u>, 133 S. Ct. 2151, it does not apply retroactively to cases on collateral review.  <u>See</u> <u>United States v, Reyes</u>, ___F.3d___, 2014 WL 2747216 (3rd Cir. 2014) at *1; <u>United States v. Castillo</u>, ___F.3d___, 2014 WL 1244723 (10th Cir. 2014) at *1,

CIVIL 11-2113 (PG)                                16
(CRIMINAL 06-0253 (PG))

citing In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Barrow v. United States, ___F.Supp.2d___, 2014 WL 6869654 (D.P.R. Nov. 21, 2013) at *5.  In any event, the court of appeals noted that petitioner had enough information that the Luquillo beach delivery would involve 300 kilograms of cocaine. In one tape of a court-authorized wire interception, he was told that it would be over 200 kilograms of cocaine.  United States v. Rosa-Carino, 615 F.3d at 82.  Advanced knowledge of the quantity was present.

### D.  CONCLUSION

I find that petitioner has failed to establish that his trial counsel's representation fell below an objective standard of reasonableness. See Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376, 1384 (2012); Strickland v. Washington, 466 U.S. at 686-87, 104 S.Ct. 2052; Moreno-Espada v, United States, 666 F.3d 60, 65 (1st Cir. 2012); United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).   But assuming that petitioner has succeeded in showing deficiencies in his legal representation at trial, he is unable to establish that said deficiencies resulted in prejudice against him in the criminal proceedings.  See Owens v. United States, 483 F.3d at 63 (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052).   It is impossible to find that claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Knight v. United

CIVIL 11-2113 (PG)                                17
(CRIMINAL 06-0253 (PG))

States, 37 F.3d at 772 (quoting Hill v. United States, 368 U.S. at 428, 82 S. Ct. 468).  Similarly, considering the amount and type of evidence facing petitioner, it is difficult to find that ". . .counsel's conduct so undermined the proper functioning of the adversarial process that the trial [could not] be relied on as having produced a just result." Strickland v. Washington, 466 U.S. at 686, 104 S.Ct. 2052), quoted in Lafler v. Cooper, 132 S.Ct. at 1388.  Petitioner has not satisfied either prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052.   But also fatal to his motion is the double procedural default reflected in his argument.  Petitioner must show cause excusing his double procedural default and actual prejudice resulting from the errors he is complaining about.   See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); Bocci v. United States, 662 F.3d 18, 29 (1st Cir. 2011); Ruperto v. United States, 2013 WL 5797373 at *3.  Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 1) be DENIED without evidentiary hearing.  I also recommend that the supplemental pleading based on Rosemond v. United States, 134 S. Ct. 1240 be DENIED. (Docket No. 15).

     Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003); Slack v.

CIVIL 11-2113 (PG)                                          18
(CRIMINAL 06-0253 (PG))

McDonnell, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); Lassalle-Velazquez v. United States, 948 F. Supp. 2d at 193.

     Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. Fed. R. Civ. P. 72(b)(2); see Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466 (1985); United States v. DeJesus-Viera, 655 F.3d 52, 57 n.1 (1st Cir. 2011); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Velazquez v. Abbott Laboratories, 901 F.Supp. 2d 279, 288 (D.P.R. 2012).

     In San Juan Puerto Rico this 30th day of June, 2014.

                                           S/ JUSTO ARENAS
                              United States Magistrate Judge