**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ELIEZER ROSA-CARINO,**<br><br>    Petitioner,<br><br>    v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Respondent. | CIV. NO. 11-2113(PG)<br>(Re: Criminal No. 06-0253(PG)) |

**OPINION AND ORDER**

Before the court are the petitioner's motion to vacate, set aside or correct sentence (Docket No. 3) with its accompanying Memorandum of Law (Docket No. 4) and his supplemental motion to vacate (Docket No. 15). As per this court's request, on June 23, 2014, Magistrate-Judge Justo Arenas entered a Report and Recommendation ("Report" or "R&R") recommending that the petition be denied and warning the parties that they had fourteen (14) days to file any objections to the R&R. See Docket No. 34. The petitioner filed his objections to the R&R. See Docket No. 37.

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), FED.R.CIV.P. 72(b), and Local Rule 72, a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." U.S. v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)).

If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citation omitted).

## I. Arguments

**1. The Petitioner's Theory of Defense was Unconstitutionally Suppressed**

The petitioner avers that the magistrate made no findings of fact or conclusion of law as to the claim that his theory of defense was unconstitutionally suppressed by the trial court. See Docket No. 19 at page 1. He is mistaken.

The R&R points out that the petitioner did not raise the issue on direct appeal and thus his claim is barred from collateral review. See Docket No. 16 at page 11. A failure to raise a particular issue on direct appeal bars a court from examining the merits of that issue in a § 2255 petition unless the petitioner can establish either cause for failing to raise the issue and prejudice resulting therefrom or show proof that he is actually innocent. Alicea-Torres v. U.S., 455 F.Supp.2d 32, 44 (D.P.R. 2006) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

Thus, the petitioner must show both "cause excusing his procedural default and actual prejudice from the unpreserved error in order to obtain collateral relief." Prou v. United States, 199 F.3d 37, 47 (1st Cir.1999). In the alternative, the petitioner can establish his innocence only if he can "demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623.

We find that Rosa-Carino has not shown either good cause for nor actual prejudice from his failure to raise his claims on direct appeal. Likewise, he has not put forth enough evidence to support his claims of actual innocence. Therefore, he is procedurally barred from introducing the allegations regarding his theory of defense in the Motion to Vacate.

**2. Ineffective Assistance of Counsel**

The petitioner's § 2255 claims regarding ineffective assistance of counsel rest on his counsel's alleged failure to present at trial the testimony of six witnesses. According to Rosa-Carino, those witnesses would have contradicted "crucial parts" of the damaging testimony of a co-conspirator. See Docket No. 4 at page 21.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687

(1984); Shuman v. Spencer, 636 F.3d 24, 31 (1st Cir. 2011). If he falls short on either requirement, his claim fails. Strickland, 466 U.S. at 697.

Deficient performance means that trial counsel's representation failed to meet "an objective standard of reasonableness." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted). Counsel's performance is deficient only if, "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Id. (citing Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; *see also* Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Moreover, the petitioner must show a "reasonable probability" that if counsel had acted differently, his trial would have had a more favorable outcome. Tevlin, 621 F.3d at 66 (citing Porter v. McCollum, 130 S.Ct. 447, 453 (2009)) (internal quotations marks omitted.)

In cases where a habeas petitioner claims that his counsel failed to call a particular witness, this Circuit has been inclined to give attorneys the benefit of the doubt. "The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." Hensley v. Roden, 755 F.3d 724, 737 (1st Cir. 2014)(citing Horton v. Allen, 370 F.3d 75, 86 (1st Cir.2004)). It falls on Rosa-Carino to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Strickland, 466 U.S. at 689).

We find that he has not met this burden. Other than mentioning that he provided his counsel with the names of six individuals, Rosa-Carino does not explain how these witnesses' testimony would have contradicted the testimony of Toribio Jimenez Guerrero. What is more, Rosa-Carino has not evidenced how the outcome of the trial would have been different had his attorney presented such testimonies.

Therefore, he has failed to meet the *Strickland* test.

**3. Challenge to the Jury Instructions**

The petitioner avers that the court committed constitutional error in charging to the jury that aiding and abetting is an element of 21 U.S.C. § 841(a)(1). See Docket No. 19 at page 5. In the government's response in

opposition to the Motion to Vacate, they correctly point out that there was no charge that consolidated the aiding and abetting charged in Counts Three and Four with the conspiracies charged in Counts One and Two. See Docket No. 9.

Aside from the lack of validity of the substantive argument, petitioner did not question the sufficiency of the indictment or the jury instructions during the trial or on direct appeal. As the R&R states, because the issue should have been decided on direct review, the Petitioner cannot attempt to relitigate the claim in his section 2255 motion. See Docket No. 16 at page 11.

As previously discussed, it is long-settled law that failure to raise a question on direct appeal precludes its consideration on a subsequent motion to vacate pursuant to section 2255. Singleton v. U.S., 26 F.3d, 233, 240 (1st Cir. 1994). Unless he proves either cause for failing to raise his claim on direct review or actual prejudice or that he is actually innocent, the petitioner's claims are precluded. He has proved neither. Rosa-Carino's argument that the "aiding and abetting instruction" "affected the actual thinking of the jurors or the deliberative process" does not convince this Court. See Docket No. 19 at page 6.

Such run-of-the mill allegations do not justify a departure from long-standing principles.  Having bypassed his opportunity to raise the claim on direct appeal, Rosa-Carino cannot attempt to substitute such a review at the collateral attack level.


**4. Denial of Supplemental Pleading**

On May 12, 2014 the petitioner filed a motion to supplement his § 2255 petition. See Docket No. 15. Relying on Rosemond v. United States, 134 S.Ct. 1240 (2014), the petitioner argued that the court erred in its jury instructions on the aiding and abetting charge because it did not specify that "advanced knowledge" of the amount of narcotics involved was required to support a conviction under the federal aiding and abetting statute. See Docket No. 15.

As the R&R states, *Rosemond* deals with violations of § 924(c)of Title 18. However, the opinion does set forth several general statements about aiding and abetting. Most notably, the Highest Court emphasized the notion that, when it comes to aiding and abetting, the perpetrator's intent to advance the offense is not enough: "the intent must go the specific and

entire crime charged." Rosemond, 134 S.Ct. at 1248. Furthermore, the Court found that the District Court erred in the instructions because "it did not explain that Rosemond (the plaintiff) needed advance knowledge of a firearm's presence." Rosemond, 134 S.Ct. at 1251 (emphasis supplied).

The petitioner uses that language to conclude that this court "fell short" of the *Rosemond* standard because it should have included the word "advanced" when it instructed the jury. Moreover, he states, Rosemond "requires proof that Petitioner knew in advance that the importation/distribution scheme involved 300 kilograms of cocaine, and possessing that knowledge still intended to help the importers succeed." See Docket No. 15 at page 3.

Rosa-Carino stretches the holding of *Rosemond* to the point where it's no longer recognizable. Aiding and abetting in the context of a §924(c)charge is not the same as aiding and abetting in a narcotics import scheme pursuant to 21 U.S.C. § 952(a). We refuse to adhere to the petitioner's one-size-fits-all approach to aiding and abetting violations.

What is more, even if we were to extend the limited ruling of *Rosemond* to the set of facts in this case, we agree with the R&R that the evidence at trial proved that Rosa-Carino was aware of the amount of cocaine involved in the transaction.

Though in a somewhat different context, Rosa-Carino raised a similar argument regarding the amount of cocaine involved in the transaction on his direct appeal. He claimed that he should only be responsible for the amount of drugs that he would personally receive as payment for his involvement in the import scheme and for the roughly 300 kilograms that were recovered.

In refuting his position, the First Circuit recounted the evidence presented at trial and expressed:

> Wiretap recordings confirmed that Rosa had enough information that the Luquillo delivery would involve 300 kilograms; on one tape he was explicitly told it would be over 200 kilograms of cocaine. Indeed, Rosa insisted that the 2 kilograms he was promised might not be enough if the overall delivery was much larger than 200 kilograms. Rosa worked closely with Jiménez to arrange the 300-kilogram shipment, and they had a number of phone calls about it.

Rosa-Carino, 615 F.3d at 82.

No more need be said. The petitioner was an active participant in a drug transaction and had full knowledge of the circumstances constituting the charged offense. *Rosemond* does not provide safe-conduct under these

circumstances. Therefore, the Supplemental Pleading (Docket No. 15) is DENIED.

### 5. Denial of § 2255 Motion without an Evidentiary Hearing

The Magistrate recommends that the Motion to Vacate be denied without an evidentiary hearing. The petitioner disagrees, arguing that his trial counsel failed to interview key witnesses and that this was a case of mistaken identity.

The mere filing of a motion under section 2255 does not entitle a petitioner to an evidentiary hearing as a matter of right. See David v. U.S., 134 F.3d 470, 478 (1st Cir. 1998). "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." Id.

Rosa-Carino's allegations do not sway this Court to depart from the Magistrate's recommendation. A review of the record shows that counsel's actions were valid strategic decisions. See Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992). Moreover, the evidence presented at trial showed that Rosa Carino was a member of a drug smuggling conspiracy. The First Circuit had a chance to review Rosa-Carino's challenges to the conviction and affirmed.

In short, the petitioner has not made a showing that would entitle him to an evidentiary hearing. Borrowing from Judge Selya's expressions, on such a "gossamer showing" we refuse "to license a fishing expedition." David, 134 F.3d at 478.

## II. Conclusion

Based on all the above, upon *de novo* review, we find no fault with Magistrate Judge's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Petitioner's motions (Dockets No. 3 and 15) are **DENIED** and the above captioned action will be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

Civ. No. 11-2113(PG)                                                                                      Page 7

**SO ORDERED.**

In San Juan, Puerto Rico, January 22, 2015.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE